*PHELPS AND BABCOCK vs. C. AND A. HARING.*
*REYNOLDS ET AL. INTERVENING.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A consignee has a privilege for advances made upon goods consigned to him.

The plaintiffs attached certain merchandise as the property of the defendants, in the hands of Reynolds, Byrne & Co. who intervened and set up a lien on the goods seized, as factors of the defendants. It appeared that the goods were purchased by the defendants, on the faith of a letter of credit given to them by the intervening parties, and it was admitted that the latter had paid for the goods. They were consigned by the defendants to Reynolds, Byrne & Co., to be forwarded to the state of Mississippi. The court below

Eastern. District,
June 1831.

PHELPS ET AL.
vs.
C. & A. HARING
Reynolds et al int

gave judgment against the interventng parties, from which they appealed.

Pierce, for appellant, relied on the 3214th article of the Civil Code.

M'Caleb contra.

Mathews, J. delivered the opinion of the court.

This suit was commenced by attachment, and property or merchandise levied on in the possession of Reynolds, Byrne & Co. as belonging to the defendants in the attachment. Afterwards the garnishees intervened, and claimed a lien or privilege on the goods seized, under the article 3124 of the Louisiana Code. The court below decided against their pretensions, and they appealed.

In the statement of facts made by the parties to this suit, it is agreed, amongst other things, that the goods attached in the possession of the appellants were purchased by the defendants in attachment, on the faith of letters of credit given by the garnishees, and were consigned to the latter by the purchasers, and that the price of them was paid by the consignees.

It appears to us that the admission of these facts, brings the appellants clearly within the provisions of the article of the Code by them relied on. The lien or privilege is granted by the first clause in the article. It commences in hec verba:—"Every consignor or commission agent who has made advances on goods consigned to him, or placed in his hands to be sold for account of the consignor, has a privilege for the amount of these advances, &c." The facts admitted that the goods in dispute were paid for by Reynolds, Byrne & Co., consigned to them by the purchaser, and in their possession at the time of levying the attachment: it is inconceivable how they can be deprived of the lien and privilege accorded to consignees who have made advances on property consigned. There can certainly be no advance which

A consignee has a privilege for advances made upon goods consigned to him.

Eastern District,
June 1831.

AR ANZEMENDI
ET AL.
vs.
LA. INSUR. CO.

ought to be more privileged than that which is made in payment of the price of goods. It is not only on them, but for them; and without which they would probably never have become the property of the consignor, and ought, on every principle of justice and equity, to be held as a pledge to reimburse the persons who have advanced the price.

From the evidence it appears that to the value of $350 of the attached property the interveners had not made any advance; on this, therefore, they have no lien.

It is therefore ordered, adjudged, and decreed, that the Judgment of the District Court be avoided, reversed and annulled. And it is further ordered, adjudged, and decreed, that judgment be here entered in favor of the appellants, with costs in both courts, except as to the sum of three hundred and fifty dollars.